IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. DOWS, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | |
| PENNSYLVANIA CIVIL SERVICE | ) | |
| COMMISSION and JOHN DOE, | ) | CA 04- 341E Erie |
| Defendants | ) | |
| | ) | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

As a result of a Hearing on Defendant's Motion to Dismiss and the resulting Order the Amended Complaint herein is now superseded by the Second amended Complaint, a statement of which is as follows.

**PARTIES**

1. The Plaintiff, David A. Dows, is an adult citizen of the United States, resides at Rural Route 3, Edinboro, Erie County, Pennsylvania 16412 and was born January 15, 1946. Mr. Dows was employed by the Erie County Office of Children and Youth in Erie County, Pennsylvania from August 2, 2003, to October 10, 2003 when he was wrongfully discharged and again from June 1, 2004 to August 12, 2004 when his employment again ended at the insistence of the Erie County Office of Children and Youth in Erie County,

2. The Pennsylvania Civil Service Commission is an agency of the Commonwealth of Pennsylvania, with its principal office at Post Office Box 569, 320 Market Street, Harrisburg, Pennsylvania 17108-0569.

3. The John Doe Defendants are persons now unknown, who deliberately acted to

1

deprive Mr. Dows of his legal protection against employment discrimination under the laws of the Commonwealth of Pennsylvania and the United States of America and to his right to merit based treatment under the Civil Service Laws of the Commonwealth of Pennsylvania.

## JURISDICTION AND CAUSES OF ACTION

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.A., Section 2000(e) et seq. and the Age Discrimination in Employment Act (ADEA) 29 USE § 621 et seq. for employment discrimination based on sex, age and retaliation The defendants actions led to United States Equal Employment Opportunity Commission charges 172-2004-00756 which was cross filed with the Pennsylvania Human Relations commission. This action is also brought pursuant to the Age Discrimination in Employment Act. The defendant's actions also violate Executive Order 11246.

5. This action is also brought pursuant to the Civil Rights Act of 1871, 42 U.S. § 1983 alleging that various currently unknown officials, now designated John Doe defendants, of the Commonwealth of Pennsylvania have conspired to deprive the plaintiff of rights under state and federal law employment discrimination laws and state civil service laws. It is anticipated that the John, and/ or Jane Doe defendants will be identified through discovery and then be named specifically.

6. The State Civil Service Commission as part of its official duties provides, creates and maintains lists of qualified persons for various governmental positions in governmental entities in Pennsylvania and is a gateway, referring source for job seekers. The Commission chooses to maintain two lists for Office of Children and Youth caseworkers for at least some of the counties for which it maintains lists, and did so for Erie County.

7. Timeliness, deferral and other jurisdictional requirements have been met.

8. The Plaintiff was issued a Dismissal and Notice of Rights dated August 30, 2004 in Charge 172-2004-00756.

9. The Plaintiff was issued a Dismissal and Notice of Rights dated March 3, 2005 in Charge 172-2005-00221.

## STATEMENT OF FACTS

10. The Plaintiff was employed by the County of Erie as a caseworker for the Erie County Office of Children and Youth from August 4, 2003 until October 10, 2003 when he was dismissed without just cause from that position. Because he was allegedly a per diem employee Mr. Dows was not granted grievance and arbitration rights. That discharge was the subject of an EEOC Charge 172-2004-00755, which was resolved as to the action of the County of Erie.

11. Mr. Dows' ranking on the State Civil Service list for County Social Caseworker I or II meant the State Civil Service Commission should have been referring Mr. Dows as the appointee for the next available Erie County Office of Children and Youth Services caseworker position, but a person or persons in the Commission chose not to do so.

12. Mr. Dows rank on the merit list on and after his October 12, 2003 bad faith dismissal by the County of Erie meant that he should have been among the persons hired during the period October 10, 2003 to May 17, 2004. The County of Erie petitioned to remove Mr. Dows from the merit Civil Service list, but after a hearing the Commission refused to do so and the Commission determined that Mr. Dows should not have been hired as a per diem worker but as a permanent full-time caseworker. By order of the Civil Service Commission Mr. Dows was rehired as a Caseworker by the Erie County Office of Children and Youth effective June 1, 2004.

3

13.  For reasons unknown to Mr. Dows and unstated by the Commission, it has during all time pertinent hereto maintained two separate lists for the hiring of County Office of Children and Youth caseworkers. On list, henceforth merit list, is derived from the scores on a competitive examination and other statutory aspects, such as a veteran's preference. The other list, henceforth "intern list" the statutory and regulatory basis of which is unknown, consists primarily of recent college graduates who are disproportionately female and well under the age of forty. One need not take the merit examination to be on the intern list.

14. In December, 2003 the Pennsylvania Civil Service Commission's maintenance of a two list system for the same position and its supervision of the intern list caused Mr. Dows to be denied his right to be hired from the competitive civil service list and caused and/or allowed the Erie County Office of Children and Youth to hire in his stead interns Cindy Peterson and Jessica Clark from the a nonmerit, intern hiring list provided by the State Civil Service Commission.

15. In December, 2003 the State Civil Service Commission provided to the County Of Erie a hiring list for part-time caseworkers as part of cooperating in the County of Erie's scheme to hire off that list to avoid hiring from the competitive full time hiring list. As a direct consequence of its actions the County of Erie hired two people from the part-time list, one of which was converted to full-time status within one month and the other of whom was converted in two months.

16, In December, 2003 the State Civil Service Commission participated in the wrongful filling of two other full-time County Social Caseworker positions from the Noncompetitive County Social Caseworker Intern list rather than from the competitive list.

17. The Pennsylvania Civil Service Commission has a policy and practice, of maintaining two lists for each county for the hiring of county caseworkers. One list is based on competitive

4

examination and ranking does not take into account age or gender as a factor in ranking candidates. This list is governed by the Civil Service Act and is the list on which Mr. Dows ranked first. The second list is a list of individuals who have recently completed social work internships as part of their college studies and the persons on the list are overwhelmingly female and under forty years of age

18. Had the Pennsylvania Civil Service Commission simply maintained only the merit list for the hiring of county caseworkers The County of Erie would have hired Mr. Dows as a fulltime county caseworker off the merit list.

19. The effect of the Pennsylvania Civil Service Commission's concurrent maintenance of the merit list and the intern list is to cause, or to be complicit with Counties in, the disproportionately greater hiring of young and female workers and to disproportionately exclude men and men and women over forty who seek to be hired as a County Office of Children and Youth Caseworkers.

20. Mr. Dows continues in his desire to be a County Office of Children and Youth Caseworker and is still harmed by the Commission's maintenance of the intern list.

21. The Commission policies and actions disproportionately impacted and continue to impact Mr. Dows and older workers of either gender and/or male workers who wish to be County Office of Children and Youth caseworkers.

22. The senior administrators of the Erie County Office of Children and Youth knew from multiple contacts that the plaintiff wanted to return to the caseworker position, e.g. on January 12, 2004 Mr. Dows stated in an availability survey that he was available for a caseworker position.

23. After Mr. Dows complained of age and gender discrimination and/or after learning that

Mr. Dows intended to file charges of discrimination regarding this discrimination, the State Civil Service Commission through an employee or employees now unknown .advised the County of Erie that it could, in the Commission's opinion, suspend Mr. Dows from being eligible to be hired from the Merit Civil Service list were it to challenge his being on that list. The County of Erie would by that action then be free to offer positions to persons on both the County Merit eligibility list and the County Social Caseworker Interns list without offering a merit position to Mr. Dows. In these actions the persons and the agency discriminated against Mr. Dows and facilitated the County of Erie in its employment discrimination.

24. The County acted on the Commission's advice, and on February 2, 2004 the Erie County Office of Children and Youth declared that it intended to petition for Mr. Dows removal from the Caseworker I and Caseworker II local government certification lists.

25. On February 20, 2004 the Erie County Office of Children and Youth filed a request with the State Civil Service Commission to remove Mr. Dows from the Civil Service merit caseworker list, and the Civil Service Commission accepted that request although it, or John doe defendants knew that the County of Erie was acting in bad faith and attempting to deprive Mr. Dows of his right to be considered for hiring from the Merit Civil Service list.

26. While the challenge was pending the County of Erie hired eight persons, none of whom who ranked ahead of him on the merit hiring list

27. During the period April 19, 2004 to May 17, 2004 the Erie County Office of Children and Youth used the Civil Service provided lists of interns as its sole source of new caseworkers. In doing so, rather than hiring Mr. Dows as the first person on the competitive exam list, it hired Camille Carideo, Linda Bell, Kristina Kirkpatrick, Angela Lawton, Nicole Johnson and Julia

Howser, none of whom higher on the competitive list than was Mr. Dows These new caseworkers are all female caseworkers well under the age of forty.

28. But for the unresolved request to remove Mr. Dows from the Civil Service list he would have been entitled to be the first hired among the new crop of caseworkers.

29. On April 23, 2004 the Civil Service Commission denied the Erie County Office of Children and Youth request to remove Mr. Dows from the eligible lists for County Caseworker I and Caseworker II. This Order states in part, "...but for the pending removal request, his selection for one of these positions would have been mandatory." The Order was not mailed until May 4, 2004 when the County had competed its hiring of people from the non merit intern list and had exhausted the supply of people then available from both the merit list, other than Mr. Dows, and the intern list.

30 On May 4, 2004 the Commission ( Appeal No.LR2004-010) issued an Order directing the County of Erie to offer Mr. Dows a caseworker 2 position.

31 On May 5, 2004 Mr. Dows completed and provided another completed Availability form stating that he was available for the aforementioned position to Patrice Berchtold of the Office of Children and Youth.

32. On May 20, 2004 the County of Erie wrote to Mr. Dows confirming a Civil Service appointment as a County Caseworker 2 effective June 1, 2004 with a six month probationary period .

33 On May 18, 2004 and in reliance on the appointment Mr. Dows resigned from his employment with another employer.

34. Mr. Dows accepted the appointment as a Caseworker 2 and began active duty on June 1 ,

2004.

35. Mr. Dows performed his job well, but despite that fact County of Erie insisted that he quit, and as part of an agreement Mr. Dows involuntarily resigned.

36 The policies and actions of the Pennsylvania State Civil Service Commission caused Mr. Dows to be passed over for hire permanent Caseworker 2, allowed his illegal hire as a per diem employee, allowed other and lower ranking persons to be hired in his stead, left him vulnerable to retaliation and and caused him to still be in a probationary status as of July, 2004. this last fact left him unable to resist the County of Erie's demand that he resign.

37 As a result of the Pennsylvania State Civil Service Commission rules and actions, the plaintiff has suffered economic and other damage including periods of no income, a period of lesser income than he would have had, lesser fringe benefits and lesser pension contributions than he otherwise would have had, and pain and suffering throughout the events described herein.

38 Mr. Dows has ongoing damages since he still intends to be an Office of Children and Youth caseworker and the State Civil Service Commission policy and practice of maintaining two lists, one merit, greatly reduce and may well make impossible his being hired in that capacity.

## PRAYER FOR RELIEF RELATIVE TO CLAIM OF DISCRIMINATION

**WHEREFORE**, the plaintiff demands:

1. judgment against the defendant Commission for damages pursuant to Title VII and arising from gender discrimination;

2. declaratory relief holding that the Commission's maintenance of the dual lists and provision of names from the intern list has a disproportionate negative impact upon position seekers who are male and/over forty and in particular has harmed the plaintiff and

3. enter injunctive relief ending the State Civil Service Commission policy and practice of maintaining or providing to Offices of Children and Youth in the Commonwealth a list of persons who have completed college internships ( the intern list) and requiring that the Commission only maintain and provide referrals from a single competitive examination list for Offices of Children and Youth County Caseworker positions and

4. that the defendant be ordered to pay as allowed by Title VII plaintiff all reasonable attorney's fees and costs of the suit;

5. that damages for pain and suffering be awarded to the extent by Title VII and

6. that the Court grant such other relief as may be appropriate.

## FEDERAL CIVIL RIGHTS COUNT

39. Paragraphs one through thirty eight above are incorporated herein by reference as if fully set forth.

40. Individual employees of the Pennsylvania Civil Service Commission acting under color of state law, but not in their official capacity, deliberately deprived and or conspired with others to deprive, Mr. Dows of the protection of both state and federal discrimination laws, his rights under the Pennsylvania and United States Constitutions and his rights under Pennsylvania Civil Service laws.

41. This person or persons unknown informed and advised the County of Erie and manipulated the events complained of above so as to deprive Mr. Dows of his right to equal protection of the laws under the Fourteenth Amendment.

## PRAYER FOR RELIEF RELATIVE TO VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

**WHEREFORE**, the plaintiff demands:

1. Judgment against the individual John Doe defendants only for economic and noneconomic damages,

2. injunctive relief against ending the individual John Doe defendants prohibiting them from advising governmental entities how to avoid the merit based hiring of employees or the requirements of the Pennsylvania civil service laws.

3. That the John Doe defendants be ordered to pay the plaintiff all reasonable attorney's fees and costs of the suit;

5. That the Court grant such other relief as may be appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF EVERY ISSUE SO TRIABLE**

By _____
William Taggart, Esquire
PA # 19984
1400 Renaissance Centre
1001 State Street
Erie, Pennsylvania 16501-1834
Phone (814) 4511180
FAX (814) 451-1188

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion to Allow Filing of an Amended Complaint was served upon the following attorney of record for Defendant, First-Class United States Mail, this 19th day of July, 2005:

Linda Lloyd, Deputy Attorney General
Fifteenth Floor Strawberry Square
Harrisburg, Pennsylvania 17120
voice (717) 787-1194

_____
William Taggart, Esquire