**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID A. DOWS, | : | |
| Plaintiff | : | |
| | : | No. 04-341 Erie |
| v. | : | Judge McLaughlin |
| | : | |
| KATHERINE E. HOLTZINGER CONNER, ESQ., Chairman PENNSYLVANIA CIVIL SERVICE COMMISSION and JOHN DOE, | : | Electronically Filed Document |
| Defendants | : | |

**DEFENDANTS' ANSWER TO THE SECOND**
**AMENDED COMPLAINT**

Defendants the Pennsylvania Civil Service Commission and "John Doe" ("Answering Defendants"), by their attorneys, submit the following Answer to the Second Amended Complaint.

**PARTIES**

1. To the best of Answering Defendants' knowledge, it is ADMITTED that Plaintiff is an adult citizen of the United States, resides at Rural Route 3, Edinboro, Erie County Pennsylvania, was born on January 15, 1946, and was employed by the Erie County Office of Children and Youth in Erie County from August 2, 2003 to October 10, 2003 and again from June 1, 2004 to August 12, 2004. Answering Defendants do not know why Plaintiff was not employed after October 10, 2003 or after August 12, 2004, therefore those allegations must be DENIED. Answering Defendants have heard that Plaintiff resigned in August 2004 as part of a settlement of a lawsuit against Erie County.

2. ADMITTED.

3. It is DENIED that there are any John Doe Defendants. It is DENIED that any person or persons employed by the State Civil Service Commission ("Commission") acted as alleged in this numbered paragraph.

**JURISDICTION AND CAUSES OF ACTION**

4. The first part of this numbered paragraph is a recitation of the law to which no response is required. It is ADMITTED that this is a Title VII action against the Commission based upon gender. It is DENIED that the claims under Title VII are based upon retaliation. Furthermore, any claim of Age

Discrimination was dismissed by Judge McLaughlin by Order dated June 29, 2005. It is ADMITTED that Plaintiff filed charges with the EEOC, which were cross-filed with the Pennsylvania Human Relations Commission, at #172-204-000756. It is DENIED that any Answering Defendants' actions violated Executive Order 11246.

5. This numbered paragraph contains statements of law to which no response is required. To the extent it is deemed factual the allegations are DENIED. It is specifically DENIED that any John or Jane Doe defendants will be identified through discovery.

6. It is ADMITTED that one of the Commission's duties is to create and maintain lists of minimally eligible individuals for various civil service government positions in the state of Pennsylvania and to provide those lists to government agencies seeking to hire for civil service positions. It is DENIED that the Commission is a "gateway, referring source for job seekers." It is DENIED that the Commission chooses to maintain two lists for Office of Children and Youth Caseworkers for at least some of the counties for which provides lists. By way of further answer, there are more than two lists available if a county agency asks for them. There is a list for Caseworker I & II for full-time positions, there is a list for Caseworker III full-time positions, there is a Caseworker I and II list for part-time positions, there is a Caseworker III list for part-time positions, there is an

Intern list for the Caseworker I & II position, to name a few of the lists maintained by the Commission that can be requested by an agency in a county seeking to fill civil service positions.

    7.    This numbered paragraph contains conclusions of law to which no response is required. To the extent they are deemed factual the allegations are DENIED.

    8.    ADMITTED.

    9.    AMDITTED.

**STATEMENT OF FACTS**

    10.    To the best of Answering Defendants' knowledge, it is ADMITTED that Plaintiff was employed by the County of Erie as a caseworker for the Erie County Office of Children and Youth from August 4, 2003 until October 10, 2003 and that he was allegedly a per diem employee. Answering Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in this numbered paragraph, therefore, they are DENIED.

    11.    DENIED.

    12.    Answering Defendants do not have sufficient knowledge to admit or deny the allegation set forth in the first sentence in this numbered paragraph, therefore, it is DENIED. It is ADMITTED that the County of Erie petitioned the

4

Commission to have Plaintiff's name removed from the list for Caseworker I & II for Erie County and it is ADMITTED that the Commission denied the County's request. It is also ADMITTED that the Commission determined that Plaintiff should not have been hired as a per diem worker but as a civil service employee and it ordered Erie County Children and Youth to rehire Plaintiff and this was done in June 2004.

13. The allegations in this numbered paragraph are DENIED as stated. By way of further answer, as stated in response to paragraph 6 there are many lists that a county may request when filling Caseworker positions within County Children and Youth agencies. One of those lists is a list of interns called the "County Social Caseworker Intern" list. The candidates on this list must be currently enrolled as a full-time student with junior standing in an accredited undergraduate bachelor's degree program in sociology, social welfare, psychology, gerontology, or other related social science; must have completed their first semester of the junior year (or 75 credits); and satisfactory completion of fifteen (15) credits in one of the major fields of study.

14. DENIED.

15. DENIED.

16. DENIED.

17. DENIED. See response to paragraph number 6 for further information.

18. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

19. DENIED.

20. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

21. DENIED.

22. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

23. DENIED.

24. DENIED that there was ever any advice given by the Commission to Erie County. ADMITTED that Erie County Children and Youth did seek to have Plaintiff removed from list of eligible candidates for Caseworker I and II positions in Erie County.

25. ADMITTED that a petition for removal was filed with the Commission by Erie County Children and Youth. The remainder of this allegation in this numbered paragraph is DENIED.

26. The Commission does not have sufficient knowledge or information at this time to admit or deny this allegation. Therefore, it is DENIED.

27. The Commission does not have sufficient knowledge or information at this time to admit or deny this allegation. Therefore, it is DENIED.

28. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

29. ADMITTED that the Commission denied Erie County Children and Youth's request to remove Plaintiff from the lists of eligible. The remainder of the allegation is DENIED.

30. ADMITTED.

31. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

32. Based upon the Commission's information and belief Plaintiff did receive an appointment as a County Caseworker II effective June 1, 2004 with a six month probationary period. The Commission is not aware of when the County informed Plaintiff of this appointment.

33. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

34. Based upon the Commission's information and belief, this allegation is ADMITTED.

35. The Commission does not have sufficient knowledge or information to admit or deny the first part of this allegation. Therefore, it is DENIED. Based upon the Commission's information and belief, Plaintiff resigned his position as part of a settlement of a lawsuit against Erie County.

36. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

37. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

38. The Commission does not have sufficient knowledge or information to admit or deny this allegation. Therefore, it is DENIED.

39. See answers to paragraphs 1-38 above.

40. DENIED.

41. DENIED.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to meet all jurisdictional prerequisites to maintain a Title VII action against the Commission based upon retaliation as Plaintiff has failed to exhaust administrative remedies with respect to any claim concerning retaliation.

**THIRD AFFIRMATIVE DEFENSE**

Any Age Discrimination in Employment Act claims of age discrimination brought against any Defendant is barred by the Eleventh Amendment and, furthermore, have already been dismissed by the Court by Order dated June 29, 2005, in response to Defendants' Motion to Partially Dismiss the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state any claim upon which relief could be granted against any Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no adverse action by Answering Defendants, or any Defendant. Any harm occurring to Plaintiff, which harm is expressly denied, was the result of acts or omissions of persons other than Defendants, or its employees or agents.

## SIXTH AFFIRMATIVE DEFENSE

At all material times, any possible individual Defendant acted with a reasonable good-faith belief in the lawfulness of their actions and are entitled to immunity therefore under both federal and state law.

## SEVENTH AFFIRMATIVE DEFENSE

At no time have any Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to him by the Constitution or the laws of the United States.

**WHEREFORE**, judgment should be entered in favor of Defendants together with costs and fees.

                                          Respectfully submitted,

                                          THOMAS W. CORBETT, JR.
                                          Attorney General

                                  By:   *s/ Linda S. Lloyd*
                                          LINDA S. LLOYD

**Office of Attorney General**        **Senior Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 66720**
**Harrisburg, PA 17120**
**Phone: (717) 705-7327**           **SUSAN J. FORNEY**
**Fax:   (717) 772-4526**           **Chief Deputy Attorney General**
**llloyd@attorneygeneral.gov**       **Chief, Civil Litigation Section**

**Date:  August 2, 2005**                **Counsel for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. DOWS, | : | |
| Plaintiff | : | |
| | : | No. 04-341 Erie |
| v. | : | Judge McLaughlin |
| | : | |
| KATHERINE E. HOLTZINGER CONNER, ESQ., Chairman PENNSYLVANIA CIVIL SERVICE COMMISSION and JOHN DOE, | : | Electronically Filed Document |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Linda S. Lloyd, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on August 3, 2005, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer to the Second Amended Complaint, that was electronically filed on August 2, 2005, by depositing same in the United States Mail, first-class postage prepaid to the following:

**William Taggart, Esquire**
**1400 Renaissance Centre**
**1001 State Street**
**Erie, PA  16501-1834**
*Counsel for Plaintiff*

      *s/ Linda S. Lloyd*
      **LINDA S. LLOYD**
      Senior Deputy Attorney General