IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. DOWS, | ) | |
|     Plaintiff | ) | CA 04- 341E Erie |
| | ) | |
| v. | ) | Civil Action |
| | ) | |
| PENNSYLVANIA CIVIL SERVICE | ) | |
| COMMISSION and JOHN DOE, | ) | |
|     Defendants | ) | |
| | ) | JURY TRIAL DEMANDED |

**PROPOSED RULE 26(f) JOINT DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff David A. Dows and Defendants Pennsylvania Civil Service Commission and John Doe, submit the following Proposed Rule 26 (f) Joint Discovery Plan.

**PARTICIPANTS**

The parties conferred by telephone on August 29, 2005 and September 1, 2005, through their attorneys William Taggart on behalf of Plaintiff and Senior Deputy Attorney General Linda Lloyd on behalf of Defendants.

**DISCOVERY MATTERS**

1.   **Pre-discovery Disclosures.**  The parties will serve their initial disclosures required by Rule 26(a)(1) on or before September 9, 2005.

Materials not currently in the possession of the parties may be obtained by either

1

party from, among others, the EEOC, the PHRC, the Governor's office including the Office of Administration, and the County of Erie and its agencies. Such documents will be exchanged by the parties within fifteen (15) days after receipt of such materials

2.  **Discovery Plan**. The parties intend to conduct discovery on the allegations in Plaintiff's Second amended Complaint and Defendant's defenses thereto, including, but not limited to, the following: a) the history and reasons for the intern and civil service hiring policies and methods used to fill caseworker positions; b) the sources in law and contract for these hiring methods; c) the gender and age make up of the people participating in each hiring method; d) the impact on gender and age of the persons actually hired by both methods; e) the circumstances of Plaintiff's hiring, employment and the end of his employment with the County of Erie; f) Defendant's knowledge and/ or participation in the treatment of Mr. Dows during his employment with the County of Erie; g) any alleged damages; h) solutions to any discriminatory impact which may result from referral and hiring policies; and i) context and background related to all of the above.

3.  **Discovery Method**s. The parties have agreed to conduct discovery through interrogatories, request for production of documents, depositions, and requests for admissions. At present, the parties do not foresee the need to modify or abrogate the Federal rules of Civil Procedure or any Local rules governing discovery. The parties

have agreed to cooperate with respect to allowing reasonable deviations from the Federal and/or Local rules, including allowing reasonable additional time for depositions. [1]

4.   **Discovery Deadlines.** The parties have agreed that discovery can be completed by March 1, 2006.

5.  **Discovery Phases/Issue**s. The parties do not request that discovery be completed in phases. The parties note that discovery may reveal that discovery must be directed at other entities as noted in section two above and consequently may require a request to the Court for modification of this schedule.

6. **Experts**. At present Plaintiff has not determined whether he will need to present expert testimony regarding the impact of Defendant's policies and the implementation thereof, but once more is known as a result of voluntary disclosures and discovery the disproportionate impact of those policies may well require expert analysis and opinion.

---

[1] The parties have agreed that all discovery, including interrogatories, depositions, requests for admission and request for production, shall be served within sufficient time to allow responses to be completed and filed and depositions taken prior to the close of discovery.

7.  **Limitations on Discovery**. At anytime when Defendant may not object to discovery which may address or touch upon disallowed claims the defendant is not waiving its various objections to those disallowed claims.

## OTHER MATTERS

8.  The parties request that the deadline for all potentially dispositive motions be thirty (30) days from the date of the close of discovery. The opposing party's response to any dispositive motions shall be filed within thirty (30) days after service of the dispositive motion. Any reply briefs will be filed within twenty one (21) days of filing said response.

9  The parties request that the deadline for pretrial statements be deferred until after a decision regarding any dispositive motions. In the event a dispositive motion is denied, it is requested that Plaintiff's Pretrial Narrative Statement shall be due forty five (45) days after the Court rules upon any dispositive motions which may be filed and the Defendant's Pretrial narrative statement be due fifteen (15) days after the filing of the Plaintiff's Pretrial Narrative Statement.

10.  The parties have discussed settlement and will continue to do so as their understanding of the facts suggests lines of settlement.

| | |
|---|---|
| *s/ Linda S. Lloyd* | *s/ William Taggart* |
| Linda S. Lloyd | William Taggart, Esquire |
| Senior Deputy Attorney General | PA #19984 |
| PA# 66720 | 1400 Renaissance Centre |
| Office of Attorney General | 1001 State Street |
| 15th Floor Strawberry Square | Erie, PA  16501-1834 |
| Harrisburg, PA  17120 | Phone (814) 451-1180 |
| Phone (717) 705 7327 | FAX (814) 451-1188 |
| FAX (717) 772-4526 | |