IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID A. DOWS,<br>      Plaintiff | )<br>)<br>) |
| v.<br>KATHERINE E. HOLTZINGER<br>CONNER, ESQ, Chairman<br>PENNSYLVANIA CIVIL SERVICE<br>COMMISSION<br>AND JOHN DOE,<br>      Defendant | )  CIVIL ACTION No. 2004-341 Erie<br>)<br>)<br>)<br>)  Judge Sean J. Mclaughlin<br>)<br>)<br>)  JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR AMENDMENT OF**

**THE FIRST CASE MANAGEMENT ORDER**

The plaintiff, by his attorney, William Taggart, with the Stipulation of the Defendant, by its Attorney, Senior Deputy Attorney General Linda Lloyd, files the following Plaintiff's Motion for Amendment of the Case Management Order herein and in support thereof states the following.

1. After the resolution of various motions of the defendant, the court issued its first Case Management Order which stated that discovery herein closes on Tuesday, January 10, 2006.

2. Although the County of Erie is not a Defendant herein, its hiring policies and practices and its hiring from trainee Civil Service lists are the roots of this case and it is an exemplar of how the trainee civil service list is applied in practice.

3. The plaintiff wished to depose certain employees of the county who would be represented, but practical impediments arose when the County government changed in an election the result of which were uncertain, and once a winner was declared the position of the solicitor's office was that any involvement would have to await the appointment of the new county solicitor which

occurred only last week and the advent of the new administration which was sworn in January 2, 2006.

4. Depositions of Civil Service employees occurred December 21 and 22, 2005 in Harrisburg and those witnesses did not waive signature. Preparation of those depositions means that material will not, under the current schedule, be available for their required use relative to summary judgment motions

5. Counsel for the defendant believed that the persons deposed in Harrisburg are conversant with the reasons for the intern program at question in this litigation, but although knowledgeable in their particular areas of expertise they did not have a broad understanding of the roots or implementation of the programs at issue. Consequently follow up inquiries are needed with that agency.

6. Deposition testimony indicated that knowledge of the funding of the intern positions at issue lies elsewhere, apparently in a segment of the Department of Public Welfare and it appears necessary to obtain information from it or its representatives.

7. The defendant's deposition of the plaintiff occurred January 4, 2005 and time will be required for its preparation, and review by the deponent so it can be available for subsequent use in any Motions for Summary Judgment which may follow.

8. The Defendant attorney is Senior Deputy Attorney General Linda Lloyd, Esq. Attorney Lloyd reviewed a draft of this pleading in person on Wednesday, January 4, 2006, consented to the relief requested in this Motion and her stipulation is attached hereto.

9. The Plaintiff requests that the Case Management Order be amended to provide that discovery

will close Monday, March 6, 2006 with all other dates in The Case Management Order to move fifty six days later than the originally scheduled date or to the next business day thereafter if the extended date falls on a weekend or holiday.  The Plaintiff does not anticipate that further extension of the discovery date

    WHEREFORE,  the Plaintiff requests that the Case Management Order herein be extended for sixty days to March 6, 2006 with all other dates in The Case Management Order to move accordingly sixty days later than originally scheduled or to the next business day if the extended date falls on a weekend or holiday.

    Respectfully submitted,

    /s/ William Taggart
William Taggart, Attorney for Plaintiff,
PA # 19984
1400 Renaissance Centre
1001 State Street
Erie, PA  16501
Phone (814) 451-1180
FAX (814) 451-1188
wtesq@aol.com