

**COUNTY OF ERIE**
**OFFICE OF COUNTY SOLICITOR**
ERIE COUNTY COURT HOUSE
140 WEST SIXTH STREET
ERIE, PENNSYLVANIA 16501
814/451-6232
AC 814 TOLL FREE 1/800/352-0026
TDD 814/451-7065    FAX 814/451-7447

RICK SCHENKER
COUNTY EXECUTIVE

JOHN ONORATO,
COUNTY SOLICI

February 2, 2004

David Dows
RR 3
Edinboro, PA   16412-0803

Dear Mr. Dows:

This letter serves as notice that the Erie County Office of Children and Youth intends to request the removal of your name from the County Caseworker 1 and County Caseworker 2 (local government) certification lists.

It is our opinion that while you were employed in the emergency per-diem capacity from 8/4/2003 to 10/10/2003 that you were unable to perform the duties of county caseworker as you were too criminally prosecution oriented as opposed to social work oriented to children and families. You constantly questioned the need for and importance of supervision. You failed to follow the directions of the training supervisor. You had a very negative and punitive opinion of agency clients and demonstrated an overbearing and intimidating approach to a client despite being instructed by the caseworker in charge not to do so. You questioned the need to follow established legal and agency protocols in dealing with agency business and clients. You demonstrated an insensitivity to females by virtue of inappropriate comments about clients and co-workers.

You may respond in writing to this correspondence by February 13, 2004. After that date the Agency will be submitting the Request for Removal of Eligibles to the State Civil Service Commission. Your written response, if received, will be included with our request.

Sincerely,

John Onorato, Esquire

Peter J. Callan, Personnel Director    Date: 2/2/04

Debra Liebel, MPA, Executive Director    Date: 2/2/04

**EXHIBIT**
**11**

| SCSC-5275 1-2000 | Commonwealth of Pennsylvania State Civil Service Commission P.O. Box 569, Harrisburg PA 17108-0569 | REQUEST FOR REMOVAL OF ELIGIBLE |
|---|---|---|

**INSTRUCTIONS:**
- Use this form to request removal of an eligible for certification or appointment pursuant to 4 Pa. Code Section 97.13 (which appears below). Also see Management Directive 515.15.
- Submit completed form to the Executive Director, SCSC at the above address.

**PA CODE:**
- Section 97.13. Removal of eligible. An objection to the eligibility for certification or appointment of an eligible whose name appears on a certification shall be promptly raised by the appointing authority. If the objection is sustained by the Commission, the appointing authority need not consider the eligible for appointment.

| 1. DEPT / APPOINTING AUTHORITY | 2. WORK UNIT WITHIN DEPT / APPOINTING AUTHORITY |
|---|---|
| County of Erie/Office of Children & Youth | Office of Children & Youth |

| 3A. CLASS TITLE AND CODE | 3B. SCSC CERTIFICATION NUMBER |
|---|---|
| L0623 County Caseworker 1/L0624 County Caseworker 2 | All Erie Co. Certs |

| 3C. NAME OF ELIGIBLE AND SOCIAL SECURITY NUMBER | 3D. DATE CERTIFICATION ISSUED |
|---|---|
| David Dows SS# ▆▆▆▆▆▆ | |

**4. REMOVE THE ELIGIBLE'S NAME FROM CONSIDERATION FOR ALL POSITIONS WITH THIS JOB TITLE:**

[ ] **4A. THROUGHOUT THE COMMONWEALTH**

[X] **4B. WITH THE REQUESTING AGENCY ONLY**

[ ] **4C. AT THE FOLLOWING SPECIFICALLY DESIGNATED WORK LOCATIONS ONLY**

**JUSTIFICATION FOR REQUEST** (Explain the relationship between the work performed and the disqualifying factor(s). Clear and complete reasons why the eligible should not or cannot be considered MUST be provided.)

See attached letter to Mr. Dows for justification for request.

RECEIVED
EXECUTIVE OFFICE

FEB 23 2004

STATE CIVIL SERVICE COM.
REFER TO _____

| 6. WORK UNIT REQUESTING ACTION | | | |
|---|---|---|---|
| *Debra Zeebe* (Signature) | Executive Director (Title) | 2/20/04 (Date) | 814-451-6667 (Telephone Number) |

| 7. DEPT / APPOINTING AUTHORITY AUTHENTICATION / ENDORSEMENT | | | |
|---|---|---|---|
| *J. Callen* (Signature) | Director of Personnel (Title) | 2/20/04 (Date) | 814-451-6233 (Telephone Number) |

# *MANAGEMENT DIRECTIVE*

580.34
**Amended**
Number

## COMMONWEALTH OF PENNSYLVANIA
## GOVERNOR'S OFFICE

Subject:

**Removal of Eligibles for Certification or Appointment in the Classified Service**

| By Direction Of: | Date: |
|---|---|
| *Ronald K. Rowe* | **May 20, 2002** |
| Ronald K. Rowe, Executive Director, State Civil Service Commission | |

**This amendment adds procedure d. to include requests for removal based on an eligible's previous regular classified service employment in the same classification from which the eligible was removed from employment for performance or disciplinary reasons within a two year period preceding the date of certification, the appointing authority may submit the request directly to the Executive Director without contacting the eligible. Enclosure 2 has been deleted.**



**1. SCOPE.** Applies to all agencies with classified service positions in state agencies identified in *§ 3(d), Civil Service Act of August 5, 1941, P. L. 752,* as amended, and to political subdivisions of the Commonwealth that have contracts with the State Civil Service Commission (SCSC) for services and facilities as provided for in *§ 212, Civil Service Act.*

**2. POLICY.**

**a.** An objection to the eligibility for certification or appointment of an eligible whose name appears on a certification will be promptly raised by the appointing authority. If the objection is sustained by the Commission, the appointing authority need not consider the eligible for appointment.

**b. References:** *4 Pa. Code §§ 97.13* and *95.63; Management Directives 515.15, Identification, Employment, and Education Verification Checks, and 580.18, Residency and United States Citizenship Requirements for the Classified Service*; and *Manual M580.1, Certification of Eligibles for the Classified Service.*

**3. PROCEDURES.**

**a.** Form SCSC-5275, Request for Removal of Eligibles, must be submitted by the appointing authority to request the removal of an eligible from one or more eligible lists upon which the eligible's name appears, or from Forms SCSC-91/CD91, Certification of Eligibles, issued to the authority or sub-unit thereof.

**b.** The basis for any request to remove the name of an eligible from an eligible list must be merit-related; i.e., the reason must touch upon the eligible's competency and ability to perform in the position for which the list has been prepared. Each request must specifically identify the underlying basis for the request and include all supporting documents that the appointing authority has relied upon to conclude that the eligible's name should be removed from the list.

**c.** Prior to submitting a Request for Removal of Eligible to the Commission, except as provided in paragraph d., the appointing authority must contact each affected eligible and disclose its intention

to request the removal of the eligible's name from the certification list and the reason(s) therefor. The eligible must be given a meaningful opportunity to respond to the appointing authority, either verbally or in writing. A copy of any written response or a summary of any verbal response from the affected eligible must be included with each request when it is submitted to the Commission or the request may be returned without action. The completed Form SCSC-5275, along with supporting documentation, is to be sent to the:

> Executive Director
> State Civil Service Commission
> 320 Market Street
> P.O. Box 569
> Harrisburg, PA 17108-0569

or by telefax to (717) 783-8736.

• **d.** When the request for removal is based on an eligible's previous regular classified service employment in the same classification or classification series from which the eligible was removed from employment for performance or disciplinary reasons within a two year period preceding the date of the certification of eligibles, the appointing authority need not contact the eligible and may submit its request directly to the Executive Director.

**e.** The Executive Director will notify the eligible, in writing, of the request for removal, present the reason(s) therefor, and advise the eligible of the right to file a response opposing the list removal request by sending a completed form SCSC-5275R postmarked for return within 10 calendar days of mailing date of the notification letter from the Executive Director.

**(1)** If a timely response to the list removal request is filed, the eligible may request an opportunity for oral argument before the Commission. If granted, the oral argument will be promptly scheduled by the Commission. The appointing authority submitting the list removal request will be responsible for designating a representative to appear at the oral argument to support the request. The affected eligible may appear to argue in person or be represented by legal counsel. Each side will be allowed seven and one-half minutes for the oral argument.

**(2)** Only one oral argument will be scheduled by the Commission for each request. If either party is not able to appear, the argument will proceed with the other party only. If neither party can appear, the argument will be cancelled and the request will be decided without oral argument.

**(3)** When a timely response is received but oral argument is not requested, the Commission will review the request and the response and render a determination. When oral argument is requested and scheduled, the Commission may render its decision on the request immediately at the conclusion of the oral argument or the decision may be deferred to allow additional time for deliberation. The Commission may determine, at its discretion, that a hearing will be necessary to finally decide the request and schedule the matter for hearing.

**f.** If a timely response is not returned by the affected eligible or if the affected eligible does not respond at all, the list removal request will be administratively reviewed and decided by the Executive Director.

**g.** If its request is approved, the appointing authority, upon receipt of formal notification from either the Executive Director or the Commission, need not consider the eligible for appointment.

When the names of eligibles are removed from lists and/or certifications under the provisions of this directive, the appointing authority will annotate the Work Sheet copies of Forms SCSC-91/ CD91, using Certification Annotation Code "RLC" (removed from list) or "RCC" (removed from certification). (See Part F of *Manual M580.1.*)

**h.** If its request is denied, the appointing authority, upon receipt of formal notification from either the Executive Director or the Commission, will consider the eligible for appointment.

**(1)** If the appointing authority has filled the position with another candidate from a list or lists upon which the eligible's name was also certified and if the position was one for which the selection of the eligible would have been mandatory but for the pending removal request, the eligible will be promptly offered an equivalent position by the appointing authority.

Page 2 of 3

**(2)** In all cases that do not require the prompt appointment of the eligible to an equivalent position after a request for removal of the eligible has been denied, the eligible's life on list will be administratively extended by the Commission for a period of time equal to the time period during which the Request for Removal of Eligible was pending.

i.    Blank Forms SCSC-5275 may be obtained ONLINE at the Civil Service Commission's client agency web site at:

**www.scsc.state.pa.us/local**

Or, in person from:

> State Civil Service Commission
> Reproduction and Distribution Section
> 320 Market Street – Basement
> Bowman-Worth Building
> Strawberry Square Complex

Or, for U.S. Postal Service requests:

> P.O. Box 569
> Harrisburg, PA    17108-0569
> Telephone:    717/787-5632

Appointing authorities are encouraged to replenish stocks from their own reproduction facilities.

1    Enclosure:

> Sample Form SCSC-5275, Request for Removal of Eligible

**This directive supersedes Management Directive 580.34 dated March 29, 2000. Please recycle the previous version.**

| SCSC-5275 1-2000 | Commonwealth of Pennsylvania State Civil Service Commission P.O. Box 569, Harrisburg PA 17108-0569 | REQUEST FOR REMOVAL OF ELIGIBLE |
|---|---|---|

**INSTRUCTIONS:**
- Use this form to request removal of an eligible for certification or appointment pursuant to 4 Pa. Code Section 97.13 (which appears below). Also see Management Directive 515.15.
- Submit completed form to the Executive Director, SCSC at the above address.

**4 PA CODE:**
- Section 97.13. Removal of eligible. An objection to the eligibility for certification or appointment of an eligible whose name appears on a certification shall be promptly raised by the appointing authority. If the objection is sustained by the Commission, the appointing authority need not consider the eligible for appointment.

| 1. DEPT / APPOINTING AUTHORITY | 2. WORK UNIT WITHIN DEPT / APPPOINTING AUTHORITY |
|---|---|
| 3A. CLASS TITLE AND CODE | 3B. SCSC CERTIFICATION NUMBER |
| 3C. NAME OF ELIGIBLE AND SOCIAL SECURITY NUMBER | 3D. DATE CERTIFICATION ISSUED |

4. REMOVE THE ELIGIBLE'S NAME FROM CONSIDERATION FOR ALL POSITIONS WITH THIS JOB TITLE:

☐ 4A. THROUGHOUT THE COMMONWEALTH

☐ 4B. WITH THE REQUESTING AGENCY ONLY

☐ 4C. AT THE FOLLOWING SPECIFICALLY DESIGNATED WORK LOCATIONS ONLY

_____

_____

JUSTIFICATION FOR REQUEST (Explain the relationship between the work performed and the disqualifying factor(s). Clear and complete reasons why the eligible should not or cannot be considered MUST be provided.)

6. WORK UNIT REQUESTING ACTION

| (Signature) | (Title) | (Date) | (Telephone Number) |
|---|---|---|---|

7. DEPT / APPOINTING AUTHORITY AUTHENTICATION / ENDORSEMENT

| (Signature) | (Title) | (Date) | (Telephone Number) |
|---|---|---|---|

Enclosure 1 to Management Directive 580.34 Amended                                Page 1 of 1

```
 1            IN THE UNITED STATES DISTRICT COURT

 2         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

 3                        - - -

 4    DAVID A. DOWS,                      )
                                         )
 5              Plaintiff,               )
                                         )  Civil Action
 6         vs.                           )  No. 2004-3412
                                         )  ERIE
 7    KATHERINE E. HOLTZINGER CONNER,     )
      ESQ. Chairman PENNSYLVANIA CIVIL    )      RECEIVED
 8    SERVICE COMMISSION and JOHN DOE,    )   Office of Attorney General
                                         )
 9              Defendant.               )      MAR 0 8 2006

10                        - - -              Litigation Section

11            Deposition of PATRICE BERCHTOLD

12             Friday, February 24, 2006

13                        - - -

14         The deposition of PATRICE BERCHTOLD, called as a
      witness by the plaintiff, pursuant to notice and the
15    Federal Rules of Civil Procedure pertaining to the
      taking of depositions, taken before me, the
16    undersigned, Eugene C. Forcier, Stenographer
      Commissioner in and for the Commonwealth of
17    Pennsylvania, at the offices of the Office of Children
      and Youth of the County of Erie, 154 East Ninth
18    Street, Erie, Pennsylvania  16501, commencing at 1:18
      o'clock A.m., the day and date above set forth.
19

20                        - - -

21            COMPUTER-AIDED TRANSCRIPTION BY
                MORSE, GANTVERG & HODGE, INC.
22                 ERIE, PENNSYLVANIA
                      814-833-1799
23
                          - - -
24

25
```

EXHIBIT
13

1           And, that '99 start date, is that here at

2  OCY, or was your personnel work at some other

3  location?

4       A     No, that was all here at OCY.

5       Q     What familiarity do you have with the

6  intern program?

7       A     I have some knowledge of it, because I am

8  the one that does the paperwork, through civil

9  service, and accounting, for all of our hires.

10      Q     Even the interns?

11      A     Correct.

12      Q     Is it correct that the great majority of

13 the intern hires come from Mercyhurst, Gannon or

14 Edinboro?

15      A     Correct.

16      Q     When, as part of your professional duties,

17 as you say, doing the paperwork -- do you do the

18 actual paper work that moves the interns onto the

19 payroll?

20      A     Yes.

21      Q     It actually causes all of the right forms

22 to be filled out, in the payroll system?

23      A     Yes.

24      Q     When does that occur in the time of an

25 intern; at the end of the internship, when he or she

1  may be accepted as a caseworker 2?

2        A       It depends on what type of intern we are

3  talking about.

4                The CWEB students, because they are not

5  paid by the county, are not considered county

6  employees.

7                You can't be an employee, if you are not

8  getting paid.

9        Q       Right.

10       A       If it would happen to be a Mercyhurst, or a

11 Gannon intern, they then are placed on the payroll at

12 the date of their hire of internship.

13       Q       The CWEB program is only available to,

14 where, Behrend, or for Edinboro?

15       A       It is a State College.

16       Q       Only?

17       A       Only.

18       Q       Program.

19                So these private schools, Mercyhurst and

20 Gannon, don't have the benefit of that program?

21       A       Correct.

22       Q       But your agency is able to have funding to

23 pay for the interns, or do the colleges, Mercyhurst,

24 and Gannon find that money somewhere?

25       A       No, it would be paid by the county.

1         A      Correct.

2         Q      Because you find that you are able to fill

3    most slots with interns, if the slots are near the

4    time when the students are graduating; is that right?

5         A      Sometimes.

6                I mean --

7         Q      Do you have a rough idea of what percentage

8    of your caseworkers come off the merit list, and what

9    percentage comes off the intern list?

10        A      No, I really don't.

11               I would say the majority come off the

12   caseworker list.

13               We have hired probably more people off the

14   caseworker list, than we have interns, at least in the

15   last two years.

16               There is not enough interns to fill all of

17   the vacancies that we have had in the last couple of

18   years.

19        Q      Now, people who have completely similar

20   programs, similar intern programs, in other counties

21   in the state, are also able to come in under the

22   intern program; is that right?

23               Let's use an example.  Someone has gone to

24   the social work program at Shippensburg State,

25   completed it, been in an intern program down in that

```
 1              I give them information on the on-line
 2   testing, or I have paper applications for the civil
 3   service test with me also.
 4        Q    So you have both your own written
 5   materials, and various materials the Civil Service
 6   Commission provides to you?
 7        A    Correct.
 8        Q    And, do you have any feedback as to how
 9   many of the people you talk to, about taking the
10   caseworker tests, actually go ahead and do it?
11        A    Other than remembering the names, and
12   seeing them on the list, I don't have any formal
13   statistics.
14        Q    Have you ever been aware of any particular
15   contact person, for your agency, with the Pennsylvania
16   Department of Public Welfare?
17        A    No.
18        Q    Same question, as to having contact with
19   the Governor's Office of Administration?
20        A    No.  I don't.
21        Q    Have you ever received any training, or
22   explanation from the Civil Service Commission, about
23   how it evaluates and ranks internship candidates'
24   applications?
25        A    No, I really don't get involved in how they
```

```
 1  dominos have to fall, to go through?
 2       A     Right.
 3       Q     Do you know where Miss Liebel works, or
 4  lives now?
 5       A     I don't know.
 6             I know she lives in Erie.  I don't know if
 7  she is working or not.
 8       Q     The same question as to Miss Locke?
 9       A     Miss Locke also lives in Erie.
10             I do not believe she is working.  She
11  retired.
12       Q     And Mr. Concella?
13       A     He also lives in Erie, and retired, and I
14  do not believe he is working anywhere.
15             MR. TAGGERT:  Except for redirect, I am all
16        done.
17             Thank you.
18             THE WITNESS:  Okay.
19                       EXAMINATION
20  BY MS. LLOYD:
21       Q     Just a couple of questions.
22       A     Okay.
23       Q     When you were talking about the
24  conversation that you think you had with
25  Steve Shartle about list removal procedures, I think
```

1   your testimony was Mr. Shartle told you you could
2   continue with your normal hiring process, while your
3   request was pending; is that correct?

4       A       Yes.

5       Q       Did he inform you that if Mr. Dows wasn't
6   removed from the list, this would create an issue for
7   you later, if you had hired other people off that
8   list?

9       A       I believe, yes, he did caution us, that if
10  Mr. Dows' name was not removed from the list, we would
11  have to have an opening for him to go into.

12              I believe we knew we were going to have
13  openings, so didn't feel that would be a problem, we
14  would have a vacancy.

15      Q       So that is indeed what happened?

16      A       Yes, and we did have a vacancy, and he was
17  placed into that.

18      Q       If you recall, the list that you were using
19  to hire other caseworkers at this time, was Mr. Dows'
20  name still physically on that civil service list, if
21  you remember?

22      A       I believe his name was showing up on the
23  list at the beginning of the year, when we had asked
24  for his name to be removed.  And we were told to
25  annotate the list, that it was pending a removal, and

1   we could pass the name over.

2        Q      And there was some testimony from you,

3   about different ways that you can bring in legal

4   hires, and I believe you had said one would be a

5   transfer from another agency, another county OCY --

6        A      Yes.

7        Q      -- agency.

8               One other way would be interns that were

9   now ready for promotion from an intern to a

10  caseworker 2; is that correct?

11       A      Correct.

12       Q      Do you do any promotion from within, from a

13  caseworker 1 to a 2?

14       A      Because we don't have many caseworker 1's,

15  no, we normally don't.  Our only promotion within,

16  would be from intern to county caseworker 2.

17       Q      And then another way would be from a civil

18  service merit list; is that correct?

19       A      Correct.

20       Q      Are there any other ways for you to bring

21  in legal hires, than the four that we just talked

22  about?

23       A      Yeah, I believe we also had reinstatement

24  from resignations, people contacting us who had held

25  permanent civil service status as a county

COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| Erie County Office of Children,<br>and Youth, | : | State Civil Service Commission |
|     Requesting Agency | : | |
| | : | |
|     v. | : | |
| | : | |
| David A. Dows, | : | |
|     Respondent | : | Appeal No. LR2004-010 |

### ORDER

AND NOW, upon careful review of the Erie County Office of Children and Youth's list removal request dated February 20, 2004, the State Civil Service Commission hereby denies the request. Respondent's name will not be removed from the eligible list for a position as County Caseworker 1 and County Caseworker 2 (Classification Code L0623). An appropriate remedy will be provided to David A. Dows in accordance with the requirements of Management Directive 580.34. The State Civil Service Commission will administratively extend David Dow's time on the eligible list for a period of time equal to the time period during which this request for removal was pending. M.D. 580.34(3)(c)(2). The eligible shall be notified in writing by the Commission that the required remedial action has been implemented. A copy of the notice will be sent to the State Civil Service Commission's Executive Director within thirty (30) days of the date of this Order.

State Civil Service Commission

Katherene E. Holtzinger Conner, Esquire
Chairman

Mailed: April 23, 2004



EXHIBIT
14

## COMMONWEALTH OF PENNSYLVANIA

Erie County Office of Children : State Civil Service Commission
and Youth, :
      Requesting Agency :
       :
     v. :
       :
David A. Dows, :
      Respondent : Appeal No. LR2004-010

### ORDER

AND NOW, the Commission's previous Order in this matter, dated April 23, 2004, is hereby rescinded. Upon new information received, the Commission has determined that the remedy provided to Respondent David Dows in that Order was not the appropriate remedy in accordance with the requirements of Management Directive 580.34. Therefore, a modification of that Order is required. Accordingly, the following Order and remedy will be entered by the Commission.

Upon careful review of the Erie County Office of Children and Youth's list removal request dated February 20, 2004, and Respondent's answer to that request dated February 26, 2004, the Commission hereby denies the request. Respondent's name will not be removed from the eligible list for a position as a County Caseworker 1 (classification code, L0623) or as a County Caseworker 2 (classification code, L0624). The Commission has received from the Requesting Agency and takes official notice of a Code 11 Employment Certification (certification no. 02615) from which several County Caseworker 2 positions were



EXHIBIT
15

filled by appointments made on April 19 and 26, 2004. Respondent's name was certified on this list and, but for the pending removal request, his selection for one of these positions would have been mandatory. Accordingly, pursuant to the requirements of Management Directive 580.34 (3)(h)(1), the Requesting Agency shall promptly offer Respondent an equivalent position. A copy of the Requesting Agency's notice to Respondent of its intention to comply with this Order shall be sent to Ronald Rowe, Executive Director, Pennsylvania State Civil Service Commission, within thirty (30) days of the date of this Order.


State Civil Service Commission

Katherene E. Holtzinger Conner, Esquire
Chairman

MAILED:  May 4, 2004